IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:06-CR-0074(1) |
| | § | |
| DONALD DEAN ROWELL | § | |

**REPORT AND RECOMMENDATION**
**TO DENY DEFENDANT'S MOTION TO SUPPRESS**

On January 4, 2007, came for consideration defendant Rowell's November 30, 2006 motion to suppress. The government filed its response to the motion to suppress on December 11, 2006. At the January 4, 2007 hearing, neither party called any witnesses or introduced any evidence, but both parties were heard by way of oral argument.

The defendant's motion to suppress and the government's response thereto set out the respective positions of the parties and it is not necessary for the Court to restate the arguments in those pleadings. Basically, defendant Rowell seeks to suppress all evidence discovered as the result of a July 24, 2006 search of a residence at 400 West Cherry, Amarillo, Texas, pursuant to a search warrant issued July 21, 2006, by the undersigned United States Magistrate Judge. Defendant Rowell seeks to suppress this evidence on the following grounds:

1. the search warrant in question was not supported by an affidavit establishing probable cause;

2. the information in the search warrant affidavit was stale; and

3. the law enforcement agent(s) executing the search warrant are not entitled to claim the good faith exception established in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

After review of the pleadings submitted and upon consideration of the oral arguments of

the parties, it is the opinion and finding of the undersigned United States Magistrate Judge that defendant's motion to suppress be denied.

PROBABLE CAUSE

While all of the information contained in the affidavit submitted in support of the request for issuance of the search warrant is relevant to the probable cause determination, the critical information regarding probable cause is contained in paragraphs 17, 21, 22, and 23 of the affidavit. Among other things, the affidavit establishes the following:

1. a website identified as "Illegal CP" was a website which contained illegal child pornography, *i.e.*, graphic images of children engaged in sexual acts with adults and other children (paragraph 17);

2. a $79.99 fee was required to subscribe to the "Illegal CP" child pornography website for a 20-day period, and such fee would be charged to a credit card (paragraph 17);

3. on February 23, 2006, personal information and credit card information belonging to an individual identified as Donald Dean Rowell was used to access the "Illegal CP" child pornography website (paragraph 21);

4. the credit card transaction was declined, but the defendant did access the "Illegal CP" website (which contained child pornography) in his attempt to subscribe to it (paragraph 21);

5. on March 9, 2006, defendant's credit card was charged the sum of $79.99 which, according to the affiant, indicated defendant Rowell had successfully subscribed to a child pornography website (paragraph 22);

6. the attempted access to the "Illegal CP" child pornography website on February 23, 2006, was from a computer with an IP address for a subscriber identified as Oleta Burroughs and the billing and service address was 400 West Cherry, Amarillo, Texas (paragraph 22); and

7. in July 2006, defendant Rowell's vehicle was observed at the 400 West Cherry, Amarillo, Texas address on 3 consecutive days (July 17, 18, and 19), resulting in

the agent/affiant concluding that defendant Rowell resided at that address.

While the information outlined above is not overwhelming, it is the opinion of the undersigned that such is, at the least, minimally sufficient to establish probable cause to believe evidence of child pornography would be present at the 400 West Cherry premises on or about July 21, 2006. The information establishing probable cause constitutes more than mere suspicion and does not constitute a "bare bones" affidavit. Information necessary to establish probable cause need not be information which would justify conviction, or even justify prosecution. *United States v. Angle*, 234 F.3d 326, 335 (7th Cir. 2000). Instead, the information need only establish there is a fair probability contraband would be present at the suspected premises. *United States v. McKeever*, 5 F.3d 863, 865 (5th Cir. 1993). A magistrate can use common sense when determining whether probable cause exists for the issuance of a search warrant. *United States v. Byrd*, 31 F.3d 1329, 1340 (5th Cir. 1994), *cert. denied*, 514 U.S. 1052 (1995). Further, a magistrate judge's determination of probable cause should be paid "great deference" by reviewing courts. *United States v. Hill*, 500 F.2d 315, 319 (5th Cir. 1974).

The affidavit (paragraph 22) states that the $79.99 credit card charge verifies that defendant Rowell purchased membership in a child pornography website. As was pointed out during oral argument, however, this statement was based upon the affiant's conclusion rather than upon documentation which specifically tied the March $79.99 credit card charge to any particular website. In hindsight, the undersigned should have required the government to specifically document that $79.99 credit card charge to the child pornography website. The failure of the government to do so and to set out such in the affidavit, however, is not fatal. The conclusion drawn by the agent/affiant that the $79.99 charge was to access the "Illegal CP"

website, considered in a practical common sense manner and in relation to the fact that the defendant, approximately 2 to 2 1/2 weeks earlier, had attempted to effectuate a charge of $79.99 in order to subscribe to the website, was a reasonable conclusion.

Defendant also complains the affidavit does not establish that any child pornography was downloaded. Defendant is correct. The affidavit does not establish any downloading, and if downloading must be shown, then the affidavit is lacking. It is the opinion of the undersigned, however, that the absence of evidence of downloading does not invalidate the warrant. As discussed previously, the issue of probable cause is a practical common sense determination. In this case, common sense dictates that an individual who accesses a website, which contains child pornography images, and who subsequently attempts to subscribe to that website and eventually does subscribe to that website by payment of a $79.99 fee would do so for the purpose of obtaining images of child pornography which he could view and download for viewing at a later date. Conversely, common sense also dictates that an individual would not subscribe to a website advertising child pornography and pay such a fee if the individual did not intend to view and download the contraband.

Consequently, it is the opinion of the undersigned that the affidavit submitted in this case in support of the application for a search warrant to search the premises at 400 West Cherry, Amarillo, Texas, provided sufficient probable cause to justify the issuance of that search warrant.[1]

---

[1] There has not been a significant development of case law on the issue of probable cause and what constitutes adequate probable cause since the Supreme Court decision in *United States v. Leon*, *supra*, which decision established the good faith exception to the exclusionary rule. Consequently, magistrate judges and other judicial officers who are called upon to review affidavits seeking search warrants must make the decision of whether probable cause has been established with much less guidance from appellate case law than was available prior to *Leon*. In reviewing the validity of search warrants, courts are free to determine whether a motion to suppress should be denied based upon *Leon*, without ever reaching the issue of probable cause. This has resulted in a decrease in appellate court opinions addressing what does or does not constitute probable cause.

## STALENESS

Defendant next argues the information in the affidavit was stale and, therefore, that the search warrant should not have issued.  The government has provided authority that the question of staleness should be reviewed on a case by case basis, and that there is no bright-line test (see page 18 of the government's response).  Here, the question is whether the defendant's attempted access to, and eventual payment to the "Illegal CP" website in February and March of 2006, established probable cause to believe child pornography would be present at the 400 West Cherry address in July 2006, or whether the February and March 2006 activity information was so stale by July 2006, that the search warrant was invalid.

This particular affidavit did not contain information from the affiant indicating child pornography is the type of contraband ordinarily retained for long periods of time and kept by pedophiles or other person's disposed to view child pornography over a period of time.  The fact such information is not in the affidavit is not determinative.  The Court may take notice of the fact that the commission of the crime of possession of child pornography, by its nature, involves the acquisition of images of child pornography and that individuals who acquire such child pornography ordinarily retain those images for long periods of time and view such child pornography repeatedly rather than only on a single occasion. *United States v. Winningham*, 953 F.Supp. 1068, 1079, n. 19 (D. Minn. 1996).  At least one circuit has found that computer files are of a type that could be expected to be kept for long periods of time in the place to be searched. *See United States v. Hay*, 231 F.3d 630, 636 (9th Cir. 2000), *cert. denied*, 534 U.S. 858 (2001) (6 month delay between transmission of pornographic images and application for warrant).  Child pornography contraband is unlike other contraband or illegal goods which are subject to being

readily disposed of.  Child pornography is unlike stolen merchandise which is usually sold in a short amount of time, or narcotics which may be sold or used in a short period of time.  Given the nature of the offense of possession of child pornography and the affidavit evidence that a computer located at the Cherry Avenue address was used to access and subscribe to a child pornography website in February/March 2006, the issuance of the search warrant in July 2006, was not invalid as being based upon stale information.

## GOOD FAITH

Finally, the Court finds that even if the affidavit did not establish probable cause, the executing officers are entitled to the good faith exception set forth in *United States v. Leon, supra*.  *Leon* permits a law enforcement officer to rely on the magistrate's determination of probable cause, and provides that where the officer does so rely, in good faith, the exclusionary rule will not be applied.  The good faith exception, however, does not apply in four instances, as follows:

1. the magistrate issued the warrant in reliance on a deliberately false affidavit;

2. the magistrate abandoned his judicial role and failed to perform his neutral and detached function;

3. the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or

4. the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

*United States v. Breckenridge*, 782 F.2d 1317, 1320-21 (5th Cir. 1986) (citations omitted).

Defendant Rowell relies on number 3 above in claiming the good faith exception inapplicable and contends the affidavit in this case was so lacking in probable cause that it

rendered belief in it unreasonable (see defendant's motion to suppress at page 13).

The issue of probable cause was previously discussed at pages 2-4 of this Report and Recommendation. The affidavit in this case cannot be characterized as a "bare bones" affidavit. A "bare bones" affidavit contains wholly conclusory statements which lack any facts and circumstances from which a magistrate could independently determine probable cause. *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992). The affidavit in this case established that a person with a defendant's personal information and credit card information accessed a child pornography website, the affidavit established that the computer from which such child pornography website was accessed was located at 400 West Cherry, Amarillo, Texas, and established that the defendant's vehicle was seen at such address on 3 consecutive days in July of 2006. It was further established that the defendant's credit card was charged $79.99 shortly after an attempt to subscribe to a child pornography website had been declined. While there are, as previously discussed, at least one conclusory statement in the affidavit, the affidavit itself was not so lacking in indicia of probable cause as to render official belief in the validity of the warrant unreasonable.

Further, the affiant and the executing law enforcement agents did not act in bad faith. They did not merely sit on this particular information since February and March 2006. Instead, as related by the government during oral argument, the particular information with respect to 400 West Cherry was not received by local law enforcement agents until June 2006, although federal agents in other parts of the United States may have obtained the information earlier. The local law enforcement agents, after obtaining the information in June 2006, established by surveillance that, in their opinion, defendant Rowell resided at the 400 West Cherry address.

Upon consideration of all of the foregoing, it is the opinion of the undersigned that the *Leon* good faith exception does apply to the search warrant and the search of the residence at 400 West Cherry, Amarillo, Texas.

### *DE NOVO* REVIEW

Since no evidence was heard in connection with this motion to suppress, it appears the District Court will review the Magistrate Judge's recommendation to deny the motion to suppress on a *de novo* basis. In this particular case, review on a *de novo* basis is particularly appropriate since the search warrant challenged was issued by the undersigned. *De novo* review provides the defendant an opportunity to have the motion to suppress ultimately determined by a judge other than the judge who issued the search warrant.

### CONCLUSION

For the reasons set forth above, the Court finds that the affidavit supporting the search warrant issued in this case was not so lacking in probable cause as to constitute a "bare bones" affidavit, and that the agents executing the warrant are entitled to the good faith exception established by *United States v. Leon*, even if the affidavit itself does not establish probable cause to believe child pornography contraband was present in July 2006, at the 400 West Cherry, Amarillo, Texas, address.

### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to suppress filed by defendant DONALD DEAN ROWELL be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of January 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

This matter was heard on January 4, 2007. This Report and Recommendation is being issued January 5, 2007, and in light of the impending trial date of January 16 and 17, 2007, objections must be filed on or before January 11, 2007.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).